**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                             **Plaintiff,**

   **vs.**                                   **1:05-CR-143**
                                                **(GLS)**

**PIERRE BELANGER,**

                             **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE UNITED STATES:** | |
| Hon. Glenn T. Suddaby<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, New York 13261-0663 | THOMAS A. CAPEZZA<br>Assistant U.S. Attorney |
| **FOR PIERRE BELANGER:** | |
| Office of David L. Gruenberg<br>54 Second Street<br>Troy, New York 12180 | DAVID L. GRUENBERG, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

## Summary Decision and Order

In 2005, Pierre Belanger was legally extradited from Canada to the Southern District of Florida to answer a federal indictment charging cocaine

possession and importation.  *See Gov't Response & Supporting Documents, Dkt. Nos. 116-1 - 116-12* (*"Gov't Response"*).  On October 19, 2005, he was sentenced to 135 months imprisonment post-plea.  *See id.*  A year later, a grand jury indicted him for a conspiracy to launder the proceeds of the Florida narcotics activity into and out of Canada through the Northern District of New York.  *See Superseding Indictment; Dkt. No. 62.*  On November 17, 2006, Belanger was arraigned and plead not guilty.  *See Dkt. No. 65.*

Presumably pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, Belanger moves to dismiss the indictment.  *See Dkt. Nos. 100, 102.*  He argues that the government has violated the "Rule of Specialty," a principle of international law that precludes the United States from trying a foreign national on charges other than those for which he was previously indicted and extradited.

As the government readily concedes, it cannot try Belanger without first satisfying its obligations under the appropriate Treaty.  However, based on the authority and rationale recited in the government's response, the court concurs that an indictment alone does not violate the Rule of Specialty.  Invariably, indictment is the precursor to an extradition request.

The court notes that neither party has addressed the fact that Belanger has been arraigned on the Northern District indictment nor the impact of his arraignment on either the Speedy Trial clock or the Rule of Specialty.  *See* 18 U.S.C. § 3161 *et. seq.*; *see also* L. R. C<small>R</small>. P. 12.1(c).

Accordingly, it is hereby

**Ordered** that Belanger's motion to dismiss the indictment (*Dkt. Nos. 100, 102)* is denied with leave to renew *in futuro*; and it is further

**Ordered** that the parties, either jointly or individually, shall file a letter with the court within **seven (7) days** explaining their respective positions concerning the impact of Belanger's indictment and the Rule of Specialty on the operation of the Speedy Trial clock.

**So Ordered.**

Date: June 3, 2008

*[signature]*
Gary L. Sharpe
U.S. District Judge